UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIVIAN L. COCHRELL, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:16-CV-1015 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Divian L. Cochrell to hold this case in abeyance pending authorization from the Eighth Circuit to file a successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(h)(2); 28 U.S.C. § 2244(b)(3). The Eighth Circuit has not yet ruled on Cochrell's request for authorization, having stayed the matter pending the decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). *Divian Cochrell v. United States*, No. 16-2361 (8th Cir. Apr. 10 2017).

In support of his motion to stay, Cochrell primarily relies on *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the Supreme Court held that a district court could hold a federal habeas petition in abeyance while the petitioner pursued his unexhausted claims in state court. *Rhines*, 544 U.S. at 277–78. Cochrell also cites *Ken Warren v. United States*, No. 4:16-CV-893 (ERW) (E.D. Mo. July 19, 2016), *Jerome Williams v. United States*, No. 4:13-CV-544 (JCH) (E.D. Mo. July 15, 2013), and *Leobardo Barraza v. United States*, No. 4:13-CV-1194 (SNLJ) (E.D. Mo. June 27, 2013). In *Warren,* the court ultimately vacated the order holding the case in abeyance, pending a decision from the Eighth

Circuit. Cochrell is correct that similar requests for abeyance were granted in *Williams* and *Barraza.*

The 28 U.S.C. § 2255(h) authorization requirement is jurisdictional. Accordingly, this Court does not have jurisdiction over Cochrell's successive motion to vacate until the Eighth Circuit grants authorization. *Burton v. Stewart*, 549 U.S. 147 (2007); *see, e.g., Woods v. United States*, 805 F.3d 1152 (8th Cir. 2015). When a second or successive motion to vacate is filed without authorization, the district court has two options: it can dismiss the motion or, in its discretion, transfer the motion to the court of appeals. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). Consequently, the Court cannot hold the case in abeyance. *See James v. United States*, No. 4:16-CV-980 (JCH), 2016 WL 3667976 (E.D. Mo. July 11, 2016); *Wilson v. United States*, No. 4:16-CV-894 (AGF), 2016 WL 3402620 (E.D. Mo. June 21, 2016); *Parks v. United States*, No. 4:14-CV-01122, 2014 WL 3529687 (E.D. Mo. July 16, 2014).

Because Cochrell has already filed a request with the Eighth Circuit, this Court will dismiss this case without prejudice as opposed to transferring it. Cochrell may refile his § 2255 motion when he obtains authorization to do so.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to stay and hold this action in abeyance [Doc. # 2] is **denied.**

**IT IS FURTHER ORDERED** that the motion of Divian L. Cochrell to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. #1] is **dismissed without prejudice.**

Dated this 14th day of July, 2017.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE